UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY WEISS, *on behalf of himself and the Class*<br><br>Plaintiff,<br><br>vs.<br><br>STARR RESTAURANT ORGANIZATION, LP d/b/a STARR RESTAURANTS, BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC d/b/a UPLAND, SRHG WEST, LLC d/b/a VERONIKA, STEPHEN STARR, ALLAN DOMB, DAVID ROBKIN, and JENNIFER ROBKIN<br><br>Defendants. | Case No.: 20 CV 8090<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that Defendants Starr Restaurant Organization, LP d/b/a Starr Restaurants, Buddakan NY, L.P., d/b/a Buddakan, Havatequila Restaurant Partners, LLC d/b/a El Vez, Ery North Tower RHC Tenant LLC d/b/a Electric Lemon, Dr. Howard Dr. Fine, LLC a.k.a. Howard Fine LLC d/b/a LA Mercerie, Moe Larry Cheese, LLC d/b/a LE Coucou, Morimoto NY Venture, L.P. d/b/a Morimoto, Train Design, LLC d/b/a Pastis, Sur Organization, LLC d/b/a The Clocktower, 26th Street Restaurant, LLC d/b/a Upland, SRHG West, LLC d/b/a Veronika, Stephen Starr, Allan Domb, David Robkin, and Jennifer Robkin ("Defendants"), hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States

District Court for the Southern District of New York.  This Notice of Removal ("Notice") is based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and more specifically, the following:

I.      **PROCESS, PLEADINGS, AND ORDERS**

1.      Plaintiff commenced this putative class action on or about August 28, 2020, by filing a Class Action Complaint in the Supreme Court of the State of New York, County of New York (the "Complaint"), where the case was assigned "Index No. 156909/2020."  A true and correct copy of the Complaint, and all attached documents, are attached hereto as **Exhibit A**.

2.      Plaintiff has not yet served any of the Defendants with the Summons and Complaint.

3.      The Complaint alleges the following causes of action: (i) unpaid minimum wages due to an invalid tip credit deduction; (ii) unpaid wages, including overtime, due to time-shaving; (iii) unpaid "spread of hours" premium; (iv) liquidated damages; (v) statutory penalties; and (iv) attorneys' fees and costs (Compl. at ¶ 1).

4.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, orders and other documents served upon Defendants or filed or received in this action by Defendants.

II.     **VENUE**

5.      Because the Supreme Court of New York County, New York, lies in the Southern District of New York, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 112(b) and 1441(a).

III.    **CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)**

6.      This action is removable under the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (2005).  CAFA contains an independent removal provision in 28 U.S.C. § 1453, which

provides for the removal of a "class action," as that term is defined under 28 U.S.C. § 1332(d)(1). *See* 28 U.S.C. § 1453.

7. Under 28 U.S.C. § 1332(d)(1)(B), a "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff purports to bring this case as such a "class action," in that he asserts to bring this lawsuit on behalf of himself and all others similarly situated pursuant to New York Civil Practice Law and Rules § 901 *et seq*. (Compl. at ¶¶ 30-39). In fact, Plaintiff proposes to represent two classes, the "main class" defined as:

> [A]ll non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, counter persons, bartenders, servers, runners, and bussers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case . . .

(*Id.* at ¶ 30), and the "tipped worker sub-class" defined as all "tipped employees comprising bartenders, servers, runners and bussers" (*Id.* at ¶ 32). Therefore, this action is properly considered a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).

9. Pursuant to 28 U.S.C. § 1332(d)(2), a district court shall have "original jurisdiction" over any putative class action if: (a) the proposed class contains at least 100 members; (2) the defendants are not states, state officials, or other governmental entities; (3) any member of the putative class is a citizen of a statute different from any defendant; and (4) the amount in controversy for all of the putative class members exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

### A.    The Proposed Class Contains At Least 100 Members

10.    Plaintiff claims that "there [can be] no doubt that there are over one hundred (100) members" in his proposed main class, and that his putative "tipped worker" subclass contains "more than forty (40)" members (Compl. at ¶ 32).

11.    Although Defendants deny the merits or existence of either putative class (or the existence of viability of any class in this case),[1] a preliminary investigation has revealed that the putative main class as defined by Plaintiff does contain at least 100 members, and the tipped class also contains at least 40 members.  *See* Declaration of Laura Ritter ("Ritter Decl.") at ¶ 2 (attached as **Exhibit B**).

### B.    Defendants Are Not Governmental Entities

12.    The Defendants include four individuals, an operating entity, and 10 restaurant entities (Compl. at ¶¶ 5 – 18).  None are states, state officials, or other governmental entities within the meaning of CAFA (Ritter Decl. at ¶ 4).

### C.    CAFA's Minimal Diversity Requirement Is Satisfied

13.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

14.    Here, Plaintiff and the four individual Defendants are citizens of differing states. An individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).  "The place where a[n individual] lives is properly taken to be [that person's] domicile until facts adduced establish the contrary."  *Dist. of*

---

[1] Removal to this Court is based upon the allegations of Plaintiff's Complaint.  Defendants do not concede, and expressly preserve, all rights, defenses and objections with respect to the allegations that this action can be brought, or may be prosecuted as, a class action.

4

*Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile.").

15. Plaintiff alleges he is a resident of the State of New York (Compl. at ¶ 4). Accordingly he is deemed a citizen of New York for jurisdictional purposes. *Willis*, 651 F. Supp. At 601.

16. On the other hand, the four individual Defendants in this case are citizens of the Commonwealth of Pennsylvania. These four individuals are Stephen Starr, Allan Domb, David Robkin and Jennifer Robkin (Compl. at ¶¶ 19-22). Plaintiff alleges they not only "exercised control over" the "terms and conditions" of his and the putative class members' employment (*id.*), but also that these four individuals had "operation control" and "functional control" over all of the remaining eleven (11) business entity defendants (*id.*). Given the nature of Plaintiff's allegations of their control over the remaining entity defendants, and his effort to assert direct liability against these four individuals, the four constitute "primary defendants" within the meaning of CAFA. *See, e.g.*, *McCracken v. Verisma Sys.*, No. 14-cv-6248, 2017 WL 2080279, at *4 (W.D.N.Y. May, 15, 2017) (collecting cases, and concluding that a party is a "primary defendant" for purposes of CAFA where direct liability is sought by the plaintiff against him). However, all four of the individual defendants reside in—and therefore are deemed citizens of—the Commonwealth of Pennsylvania (Ritter Decl. at ¶ 3); *see also Willis*, 651 F. Supp. At 601. Accordingly, the requisite minimal diversity of citizenship exists to establish CAFA jurisdiction in this case.

### D. Amount In Controversy

17. To assess whether CAFA's $5,000,000 amount-in-controversy requirement is satisfied, "the claims of the individual class members shall be aggregated," 28 U.S.C. § 1332(d)(6),

and a defendant need only plausibly allege that the value of those aggregated claims will exceed $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18. Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and vigorously deny that (i) Plaintiff and putative class members are entitled to any relief, and (ii) Plaintiff's claims are appropriate for class treatment, the damages claimed by Plaintiff clearly exceed the jurisdictional minimum.

### 1.  The "Tip Credit" Claim

19. Plaintiff claims that he spent "at least the first hour of his shift and at least the last hour of his shift" performing non-tipped work, but was only paid the $5.00 per hour tip credit wage (Compl. ¶¶ 41-43). Plaintiff also claims that other members of his putative tipped worker sub-class "worked similar hours and were paid similarly." (Compl. ¶ 47). Plaintiff claims those two hours a day of non-tipped work should have been paid to them at the regular minimum wage rates.

20. The statutory minimum wage rate for New York City in 2014 was $8.00 per hour; in 2015 was $8.75 per hour; in 2016 was $9.00 per hour; in 2017 was $11.00 per hour; in 2018 was $13.00 per hour; in 2019 was $15.00 per hour; and in 2020 was $15.00 per hour (*See* New York Consolidated Laws, Labor Law – LAB § 652. Minimum Wage).

21. Although Defendants adamantly deny any claim for damages, based on Plaintiff's own allegations, the amount-in-controversy for the tipped worker sub-class on their tip credit claim is $1,450,800.[2]

---

[2] Determined as follows: New York City Minimum Wage - $5/hour, x 2 hours a day x Weekly Damages (daily x 5) x Yearly Damages (52 weeks) x Sub Class Members (40). This calculation applies the NYLL's 6-year limitations period, and presumes an award of the liquidated damages available under the NYLL and sought by Plaintiff in this case.

### 2. The "Time Shaving" Claim

21. Plaintiff separately claims on behalf of himself and his purported "main" class that they were subjected to a policy of "time-shaving," under which they "were required to clock out and do side work such as cleaning and organizing the Restaurant[s] while waiting for the manager to count and distribute the tips made" (Compl. at ¶ 44). Plaintiff contends this "could take up to an hour" a day for himself and the other members of his putative "main" class, and that they should have been compensated for this time at least at the minimum wage rate (*Id.*).

22. Although Defendants adamantly deny any claim for damages, based on Plaintiff's own allegations, the amount-in-controversy for the main class on their "time shaving" claim is $3,549,000.[3]

### 3. The Wage Statement Claims

23. Plaintiff further claims that as a result of Defendants' alleged "tip credit" and "time shaving" violations, Defendants also failed to provide the members of the "main" class and "tipped credit" sub-class with "proper wage and hour notices" (Compl. at ¶ 62). Section 198(1-d) of the NYLL provides that a defendant who violates Section 195's wage statement requirements can be liable up to "two hundred fifty dollars *for each work day* that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees" (NYLL § 198(1-d) (emphasis added). Although the amount of that penalty has varied over the putative class period here, the potential damages are more than enough to satisfy the remaining $200 necessary to establish satisfaction of CAFA's amount-in-controversy requirement here.

---

[3] Determined as follows: New York City Minimum wage x 1 Hour a Day x Weekly Damages (daily x 5) x Yearly Damages (52 weeks) x Class Members (100). Again, this calculation applies the NYLL's 6 year limitations period, and presumes an award of the liquidated damages available under the NYLL and sought by Plaintiff in this case.

7

## IV.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

24. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on September 30, 2020, which is within thirty days of Defendants' receipt of notice of the filing of the Complaint.

25. In accordance with 28 U.S.C. §1446(d), a true and correct copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit C**.  This Notice to State Court, along with the Notice to Adverse Party and this Notice of Removal, will be filed in the Supreme Court of the State of New York, County of New York, where this action was filed and has been pending.

26. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice to Adverse Party is attached hereto as **Exhibit D**.  This Notice to Adverse Party, along with the Notice to State Court of Filing of Notice of Removal and this Notice of Removal, will be served upon Plaintiff in accordance with 28 U.S.C. § 1446 (d).

## V.  CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Defendants remove this action from the Supreme Court of the State of New York, New York County, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Date: September 30, 2020
New York, New York

/s/ Eli Z. Freedberg
Eli Z. Freedberg
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022
212.583.9600

*Attorneys for Defendants*