# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---

GREGORY WEISS,
*on behalf of himself and the Class,*

    Plaintiff,

v.

STARR RESTAURANT ORGANIZATION, LP
    d/b/a STARR RESTAURANTS,
BUDDAKAN NY, L.P.
    d/b/a BUDDAKAN,
HAVATEQUILA RESTAURANT PARTNERS, LLC
    d/b/a EL VEZ,
ERY NORTH TOWER RHC TENANT LLC
    d/b/a ELECTRIC LEMON,
DR. HOWARD DR. FINE, LLC
    a.k.a. HOWARD FINE LLC
    d/b/a LA MERCERIE,
MOE LARRY CHEESE, LLC
    d/b/a LE COUCOU,
MORIMOTO NY VENTURE, L.P.
    d/b/a MORIMOTO,
TRAIN DESIGN, LLC
    d/b/a PASTIS,
SUR ORGANIZATION, LLC
    d/b/a THE CLOCKTOWER,
26TH STREET RESTAURANT, LLC
    d/b/a UPLAND,
SRHG WEST, LLC
    d/b/a VERONIKA,
STEPHEN STARR,
ALLAN DOMB,
DAVID ROBKIN, and
JENNIFER ROBKIN

    Defendants.

Index No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, GREGORY WEISS ("Plaintiff"), by and through his undersigned attorneys,

1

hereby files this Complaint against Defendants, STARR RESTAURANT ORGANIZATION, LP d/b/a STARR RESTAURANT GROUP, BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC d/b/a UPLAND, SRHG WEST, LLC d/b/a VERONIKA, ("Corporate Defendants"), STEPHEN STARR, ALLAN DOMB, DAVID ROBKIN, and JENNIFER ROBKIN ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the New York Labor Law, that he is entitled to recover from Defendants: (1) unpaid minimum wages due to an invalid tip credit deduction, (2) unpaid wages, including overtime, due to time-shaving, (3) unpaid "spread of hours" premium, (4) liquidated damages, (5) statutory penalties, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to New York CPLR § 301 because Defendants transacted business and committed the alleged acts in New York State. Defendants are domestic business corporations organized under the laws of the State of New York with principal places of business located in New York.

3. Venue is proper under New York CPLR § 503. The circumstances giving rise to this action occurred in whole or in part in the county in which this Court sits

2

## PARTIES

4. For all relevant time periods, Plaintiff GREGORY WEISS was a resident of New York County, New York.

5. Defendants operate a group of restaurants as a single integrated enterprise under the umbrella association of "Starr Restaurants" at locations in multiple cities, states, and countries, including New York City. Defendants operate the following locations in New York City:

    a. Buddakan – 75 9th Avenue, New York, NY 10011;

    b. El Vez – 259 Vesey Street, New York, NY 10282;

    c. Electric Lemon – 33 Hudson Yards, 24th Floor, New York, NY 10001;

    d. La Mercerie – 53 Howard Street, New York, NY 10013;

    e. Le Coucou – 138 Lafayette Street, New York, NY 10013;

    f. Morimoto – 88 10th Avenue, New York, NY 10011;

    g. Pastis – 52 Gansevoort Street, New York, NY 10014;

    h. The Clocktower – 5 Madison Avenue, New York, NY 10010;

    i. Upland – 345 Park Avenue South, New York, NY 10010; and

    j. Veronika – 281 Park Avenue South, New York, NY 10010

    (collectively, the "Restaurants").

6. The Restaurants are operated by Defendants as a single integrated enterprise, for the purposes of the New York Labor Law ("NYLL"). The Restaurants are commonly owned by Defendants. The Restaurants are advertised on the same platform: https://starr-restaurants.com/. This website provides links to all Restaurants that operate under its banner:

    a. Buddakan - https://buddakannyc.com/

    b. El Vez - https://elveznyc.com/

3

c. Electric Lemon - https://electriclemonnyc.com/

d. La Mercerie - https://www.lamerceriecafe.com/

e. Le Coucou - https://lecoucou.com/

f. Morimoto - https://morimotonyc.com/

g. Pastis - https://pastisnyc.com/

h. The Clock Tower - https://theclocktowernyc.com/

i. Upland - https://uplandnyc.com/

j. Veronika - https://veronikanyc.com/

Specifically, the bottom of the websites of all Restaurants make it clear they are affiliated with Starr Restaurant Group, with its logo in clear view. *See* **Exhibit A** for screenshots of each Restaurant website.

7. The Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

a. Supplies are interchangeable among the Restaurant locations;

b. Employees are interchangeable among the Restaurant locations; and

c. The Restaurants share payroll methods and have a single, centralized system of labor relations for employees.

8. Corporate Defendant STARR RESTAURANT ORGANIZATION, LP d/b/a Starr Restaurant Group is a foreign limited partnership organized under the laws of the State of Pennsylvania, with a principal place of business located at 134 Market Street, Philadelphia, PA 19106 and an address of service of process located at c/o Registered Agent Solutions Inc., 99 Washington Avenue, Suite 1008, Albany, NY 12260.

9. Corporate Defendant BUDDAKAN NY, L.P. d/b/a Buddakan is a foreign limited

partnership organized under the laws of the State of Pennsylvania, with a principal place of business located at 75 9th Avenue, New York, NY 10011 and an address of service of process located at c/o Registered Agent Solutions Inc., 99 Washington Avenue, Suite 1008, Albany, NY 12260.

10. Corporate Defendant HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a El Vez is a foreign limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business located at 259 Vesey Street, NY, New York 10282 and an address of service of process located at 134 Market Street, Philadelphia, PA 19106.

11. Corporate Defendant ERY NORTH TOWER RHC TENANT LLC d/b/a Electric Lemon is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 33 Hudson Yards, 24th Floor, New York, NY 10001 and an address of service of process located at c/o Corporation Service Company, 80 State Street, Albany NY 12207.

12. Corporate Defendant DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a La Mercerie is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 53 Howard St, NY, New York 10013 and an address of service of process located at c/o Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, NY 12260.

13. Corporate Defendant MOE LARRY CHEESE, LLC d/b/a Le Coucou is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 138 Lafayette St, New York, NY 10013 and an address of service of process located at c/o Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, NY 12260.

14. Corporate Defendant MORIMOTO NY VENTURE, L.P. d/b/a Morimoto is a foreign limited partnership organized under the laws of the State of Pennsylvania, with a principal place of business located at 88 10th Ave, New York, NY 10011 and an address of service of process located at c/o Registered Agent Solutions, Inc., 1773 Western Avenue, Albany, NY 12203.

15. Corporate Defendant TRAIN DESIGN, LLC d/b/a Pastis is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 52 Gansevoort St, New York, NY 10014 and an address of service of process located at c/o Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, NY 12260.

16. Corporate Defendant SUR ORGANIZATION, LLC d/b/a The Clocktower is a foreign limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business located at 5 Madison Avenue, New York, NY 10010 and an address of service of process located at c/o Starr Restaurants, 134 Market Street, Philadelphia, PA 19106.

17. Corporate Defendant 26TH STREET RESTAURANT, LLC d/b/a Upland is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 345 Park Avenue South, New York, NY 10010 and an address of service of process located at c/o Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, Ny 12260.

18. Corporate Defendant SRHG WEST, LLC d/b/a Veronika is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 281 Park Ave. South, New York, NY 10010 and an address of service of process located at c/o Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, Ny 12260.

19. Individual Defendant STEPHEN STARR is a principal of Corporate Defendants and

6

has operational control of the Restaurants. At all relevant times, Defendant STEPHEN STARR had and exercised control over the employment terms and conditions of Plaintiff and Class members. With respect to Plaintiff and Class members, Defendant STEPHEN STARR had and exercised the power and authority to (and could also delegate to managers and supervisors the power to) (i) hire and fire employees, (ii) determine their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment. At all times, employees could complain to Defendant STEPHEN STARR directly regarding any of the terms of their employment, and Defendant STEPHEN STARR would have the authority to effect any changes to the quality and terms of their employment. Defendant STEPHEN STARR exercised functional control over the business and financial operations of Corporate Defendants and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff and Class members. Defendant STEPHEN STARR ensured the business was operating efficiently and profitably. Defendant STEPHEN STARR possesses the power and authority to supervise and control supervisors of Plaintiff and Class members and can reprimand employees.

20. Individual Defendant ALLAN DOMB is a principal of Corporate Defendants and has operational control of the Restaurants. At all relevant times, Defendant ALLAN DOMB had and exercised control over the employment terms and conditions of Plaintiff and Class members. With respect to Plaintiff and Class members, Defendant ALLAN DOMB had and exercised the power and authority to (and could also delegate to managers and supervisors the power to) (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment. At all times, employees could complain to Defendant ALLAN

7

DOMB directly regarding any of the terms of their employment, and Defendant ALLAN DOMB would have the authority to effect any changes to the quality and terms of their employment. Defendant ALLAN DOMB exercised functional control over the business and financial operations of Corporate Defendants and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff and Class members. Defendant ALLAN DOMB ensured the business was operating efficiently and profitably. Defendant ALLAN DOMB possesses the power and authority to supervise and control supervisors of Plaintiff and Class members and can reprimand employees.

21. Individual Defendant DAVID ROBKIN is a principal of Corporate Defendants and has operational control of the Restaurants. At all relevant times, Defendant DAVID ROBKIN had and exercised control over the employment terms and conditions of Plaintiff and Class members. With respect to Plaintiff and Class members, Defendant DAVID ROBKIN had and exercised the power and authority to (and could also delegate to managers and supervisors the power to) (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment. At all times, employees could complain to Defendant DAVID ROBKIN directly regarding any of the terms of their employment, and Defendant DAVID ROBKIN would have the authority to effect any changes to the quality and terms of their employment. Defendant DAVID ROBKIN exercised functional control over the business and financial operations of Corporate Defendants and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff and Class members. Defendant DAVID ROBKIN ensured the business was operating efficiently and profitably. Defendant DAVID ROBKIN possesses the power and authority to supervise and

control supervisors of Plaintiff and Class members and can reprimand employees.

22. Individual Defendant JENNIFER ROBKIN is a principal of Corporate Defendants and has operational control of the Restaurants. At all relevant times, Defendant JENNIFER ROBKIN had and exercised control over the employment terms and conditions of Plaintiff and Class members. With respect to Plaintiff and Class members, Defendant JENNIFER ROBKIN had and exercised the power and authority to (and could also delegate to managers and supervisors the power to) (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment. At all times, employees could complain to Defendant JENNIFER ROBKIN directly regarding any of the terms of their employment, and Defendant JENNIFER ROBKIN would have the authority to effect any changes to the quality and terms of their employment. Defendant JENNIFER ROBKIN exercised functional control over the business and financial operations of Corporate Defendants and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff and Class members. Defendant JENNIFER ROBKIN ensured the business was operating efficiently and profitably. Defendant JENNIFER ROBKIN possesses the power and authority to supervise and control supervisors of Plaintiff and Class members and can reprimand employees.

23. At all relevant times, Corporate Defendants met the definition of an "employer" of Plaintiff under the New York Labor Law.

24. At all relevant times, Defendants have operated their restaurants as a single integrated enterprise. Defendants' restaurants are engaged in the same activities, share common ownership, and have a common business purpose. Defendants maintain a centralized organizational

9

structure, control, and human resources and implement consistent wage and hour policies, procedures, and employment practices across all of their Restaurants. Employees are interchanged among and transferred between Defendants' restaurants, as well as supplies. Defendants' restaurants are marketed jointly on Defendants' website, https://starr-restaurants.com/, which lists all restaurant locations. Corporate Defendants link to a shared Twitter page and LinkedIn page from their website. See **Exhibit B** and **Exhibit C**.

25. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

26. At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

27. At all relevant times, Plaintiff was Defendants' employee within the meaning of the NYLL §§ 2 and 651.

28. At all relevant times, each of the Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the NYLL and the Regulations thereunder.

29. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**CIVIL PRACTICE LAWS & RULES ARTICLE 9**

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings claims for relief pursuant to Article 9 of the Civil Practice Laws and Rules of the State of New York, on behalf of himself and all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners, and bussers) employed by

Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

31. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

32. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts from which the calculation of that number can be obtained are presently within the sole possession and custody of Defendants, there is no doubt that there are over one hundred (100) members of the Class. The Class further includes a subclass of tipped employees comprising bartenders, servers, runners and bussers ("Tipped Subclass") who number more than forty (40).

33. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to compensate them for all hours worked, including overtime, due to Defendants' policy and practice of time-shaving, (ii) failing to pay them proper spread of hours premiums required by the New York Labor Law when their workdays exceeded ten (10) hours, (iii) failing to provide proper wage statements per requirements of the NYLL, and (iv) failing to provide proper wage notices per requirements of the NYLL.

11

34. With regard to Plaintiff and Tipped Subclass Members, Defendants failed to pay them proper wages because Defendants were not entitled to claim any tip credit as Defendants failed to meet the statutory requirements under the New York Labor Law. Defendants were not entitled to claim tip credit allowance under the NYLL, because Defendants (i) failed to properly provide tip credit notice to tipped employees that Defendants were taking a tip credit, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

35. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

36. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

39. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including the following:

    a) Whether Defendants employed Plaintiff and Class Members within the

13

meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants failed to properly compensate Class Members for all of their hours worked, including overtime, due to a policy of time-shaving;

f) Whether Defendants paid Plaintiff and Class Members the proper spread of hours premiums as required by the NYLL;

g) Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

h) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

i) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the NYLL;

j) Whether Defendants required Plaintiff and the Tipped Subclass members to perform non-tipped work for more than twenty (20) percent of their workday;

k) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

l) Whether Defendants provided proper wage notices to Plaintiff and Class Members as required under the NYLL; and

m) Whether Defendants provided proper wage statements to Plaintiff and Class Members that accurately reflected their hours worked as required by the NYLL.

**STATEMENT OF FACTS**

40. In or about February 2014, Plaintiff GREGORY WEISS was hired by Defendants to

14

work as a server for Defendants' restaurant, Buddakan, located at 75 9th Avenue, New York, NY 10011. Plaintiff worked for Defendants until in or about October 2014.

41. Throughout his employment, Plaintiff WEISS' schedule varied week to week, but he typically worked five (5) shifts of approximately seven (7) hours, for an average of thirty-five (35) hours per week.

42. Throughout his employment, Plaintiff WEISS was paid the prevailing tip credit minimum wage, or five dollars ($5.00) per hour.

43. For at least the first hour of his shift and at least the last hour of his shift, Plaintiff WEISS was required to do non-tipped work, including polishing glass and silverware, moving furniture, cleaning, and helping food preparations.

44. Throughout his employment, Plaintiff WEISS was not properly compensated his proper wages for all hours worked, due to Defendants' policy of time-shaving. At all times, Plaintiff and Class Members were required to clock out and do side work such as cleaning and organizing the Restaurant while waiting for the manager to count and distribute the tips made. This process could take up to an hour, and Plaintiff and the other Class members were not compensated for this time.

45. Throughout Plaintiff's employment, Defendants paid Plaintiff by check weekly.

46. Plaintiff and Class members never received "spread of hours" pay for his workdays that exceeded ten (10) hours.

47. Based on Plaintiff's direct observations and conversations with his coworkers, all non-exempt employees of Defendants worked similar hours and were paid similarly.

48. Plaintiff and Tipped Subclass members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respects to Plaintiff and Tipped Subclass members,

NYSCEF DOC. NO. 2
INDEX NO. 156909/2020
RECEIVED NYSCEF: 08/28/2020
Case 1:20-cv-08090-JMF   Document 1-1   Filed 09/30/20   Page 17 of 20

Defendants were not entitled to claim any tip credit allowance under the New York Labor Law because Defendants (i) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the New York Labor Law, (ii) failed to accurately track daily tips earned or maintain records thereof, (iii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the New York Labor Law, and (viii) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the New York Labor Law.

49. Plaintiff and Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities, including polishing glass and silverware, moving furniture, cleaning, and helping with food preparations. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

50. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked, due to a policy of time-shaving, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not paying the proper New York State minimum wage and overtime to Plaintiff and Tipped Subclass members. Defendants were not entitled to claim any tip credits under the New York Labor Law.

52. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class members the New York State "spread of hours" pay for workdays exceeding ten (10) hours.

16

53. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members, in violation of the New York Labor Law.

54. Defendants knowingly and willfully failed to provide Plaintiff and Class members with an accurate wage statement with each payment of wages, in violation of the New York Labor Law.

55. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiff realleges and reavers Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

58. At all relevant times, Defendants were employers of Plaintiff and Class members within the meaning of the NYLL.

59. At all relevant times, Defendants willfully violated Plaintiff's and Tipped Subclass Members' rights by failing to pay them the statutory minimum wage rate. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the NYLL.

60. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper wages for all of their hours worked due to Defendants' policy of time shaving.

61. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay

them "spread of hours" premiums for each workday that exceeded ten (10) hours.

62. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL.

63. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

64. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to an invalid tip credit, unpaid wages, including overtime, resulting from time shaving, unpaid spread of hours premiums, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid minimum wages due to an invalid tip credit under the NYLL;

d. An award of unpaid wages due under the NYLL, including those due to Defendants' policy of time shaving;

18

e.  An award of unpaid "spread of hours" pay due under the NYLL;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful minimum wages, and "spread of hours" pay, pursuant to the NYLL;

g.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h.  An award of pre-judgment and post-judgment interest, and costs and expenses of this action together with reasonable attorneys' and expert fees;

i.  Designation of this action as a class action pursuant to Article 9 of the Civil Practice Rules and Laws of the State of New York;

j.  Designation of Plaintiff as Representative of the Class;

k.  Designation of Plaintiff's counsel of record as counsel for the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and others similarly situated, demands a trial by jury on all issues so triable as of right by jury.

Dated: August 28, 2020
New York, New York

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq.
Anne Seelig, Esq.
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

By: __/s/ C.K. Lee__
C.K. Lee