UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY WEISS, *on behalf of himself and the Class,*<br><br>        Plaintiff,<br><br>    vs.<br><br>STARR RESTAURANT ORGANIZATION, LP d/b/a STARR RESTAURANTS, BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC d/b/a UPLAND, SRHG WEST, LLC d/b/a VERONIKA, STEPHEN STARR, ALLAN DOMB, DAVID ROBKIN, and JENNIFER ROBKIN,<br><br>        Defendants. | Case No.: 1:20-cv-08090-JMF |

**DEFENDANTS STARR RESTAURANT ORGANIZATION, LP D/B/A STARR RESTAURANTS' AND BUDDAKAN NY, L.P., D/B/A BUDDAKAN'S ANSWER TO THE COMPLAINT**

Defendants Starr Restaurant Organization, LP d/b/a Starr Restaurants and Buddakan NY, L.P., d/b/a Buddakan ("Defendants"),[1] by and through their attorneys, Littler Mendelson, P.C., answer Plaintiff Gregory Weiss' ("Plaintiff") Complaint as follows:

---

[1]    The remaining Defendants Havatequila Restaurant Partners, LLC d/b/a El Vez, Ery North Tower RHC Tenant LLC d/b/a Electric Lemon, Dr. Howard Dr. Fine, LLC a.k.a. Howard Fine LLC d/b/a LA Mercerie, Moe Larry Cheese, LLC d/b/a LE Coucou, Morimoto NY Venture, L.P. d/b/a Morimoto, Train Design, LLC d/b/a Pastis, Sur Organization, LLC d/b/a The Clocktower, 26th Street Restaurant, LLC d/b/a Upland, SRHG West, LLC d/b/a Veronika, Stephen Starr, Allan Domb, David Robkin, and Jennifer Robkin have filed a motion to dismiss and thus are not required to answer at this time.

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they harmed Plaintiff in any way and/or that Plaintiff is entitled to any of the requested procedural or substantive relief.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that venue is proper in this district but deny the remaining allegations in Paragraph 3 of the Complaint.

## PARTIES

4. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint, except they admit the restaurants listed in subparagraphs a. through j. are located at the addresses listed.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

**CIVIL PRACTICE LAWS & RULES ARTICLE 9**
**CLASS ACTION ALLEGATIONS**

30.     Defendants deny the allegations in Paragraph 30 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

31.     Paragraph 31 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint including subparagraphs a) through m).

## STATEMENT OF FACTS

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint, except they admit that Plaintiff was paid the prevailing tip credit minimum wage, for at least some portion of his employment.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Complaint.

45.    Defendants admit the allegations in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

**STATEMENT OF CLAIM**
**VIOLATION OF THE NEW YORK LABOR LAW**

56.    Defendants repeat their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

57. Paragraph 57 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

Deny that Plaintiff, Opt-in Plaintiffs, or any of the putative class or collective action members in this action are entitled to any relief and deny the allegations and relief sought in the WHEREFORE clause and all subsections thereof.

## GENERAL DENIAL

Defendants deny every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses to the Complaint, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may

also apply to the claims of some but not the entire collective of allegedly similarly situated persons, if collective certification is granted.

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including, but not limited to, a claim upon which prejudgment interest may be granted.

2.      The claims of Plaintiff and/or the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, and/or contributory fault.

3.      Defendants Havatequila Restaurant Partners, LLC d/b/a El Vez, Ery North Tower RHC Tenant LLC d/b/a Electric Lemon, Dr. Howard Dr. Fine, LLC a.k.a. Howard Fine LLC d/b/a LA Mercerie, Moe Larry Cheese, LLC d/b/a LE Coucou, Morimoto NY Venture, L.P. d/b/a Morimoto, Train Design, LLC d/b/a Pastis, Sur Organization, LLC d/b/a The Clocktower, 26th Street Restaurant, LLC d/b/a Upland, SRHG West, LLC d/b/a Veronika, Stephen Starr, Allan Domb, David Robkin, and Jennifer Robkin are not proper defendants in this action as they are not Plaintiff's "employers" within the scope of the New York Labor Law ("NYLL").

4.      Plaintiff, and/or some or all of the putative class action members' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.      Plaintiff, and/or some or all of the putative class action members cannot establish a willful violation under the New York Labor Law.

6.      Plaintiff cannot establish or satisfy the requirements for a class action and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

7.      The Complaint's class allegations should be dismissed because independent and individual analyses of Plaintiff and the putative class members' claims and Defendants' defenses to such claims are required.

8.      Plaintiff cannot offer a model of damages that is amendable to class treatment.

9.      Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

10.     Plaintiff and the putative class members' claims are barred to the extent that Plaintiff or the class members lack standing to bring then.  In particular, Plaintiff, as a former employee, lacks standing to represent the putative class of current employees. For these and other reasons, Plaintiff is inadequate as a representative of the class.

11.     Defendants' actions were not willful. No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL.

12.     Plaintiff and/or the putative class members' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the NYLL, and had reasonable grounds for believing they were in compliance with the NYLL. Defendants assert a lack of willfulness or intent to violate the NYLL as a defense to any claim for liquidated damages.

13.     Any actions that Defendants took in connection with Plaintiff and/or the putative class members' compensation were done in good faith, in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the New York Department of Labor.

14.     Plaintiff and/or the putative class members' claims are barred to the extent Plaintiff and/or the putative class failed, refused, and/or neglected to mitigate or avoid the damages complained of the in the Complaint, if any.

15.     If Plaintiff and/or any putative class members succeed in establishing any violations under the NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceedings, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative class members over and above their wages and/or beyond the time period compensable under the NYLL.

16.     Plaintiff and/or the putative class members' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or offsets permissible under the NYLL.

17.     Even if Defendants have, in fact, failed to pay Plaintiff and/or any putative class members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

18.     Plaintiff and/or the putative class members' claims are barred, in whole or in part, because, to the extent any violations are establishes, they constitute *de minimis* violations.

19.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff and/or putative class members under Article 6 or Article 19 or Article 19-1 of the NYLL.

20.     At all times, all of the affirmative defenses set forth in NYLL Section 195 apply, including but not limited to, Defendants reasonably believed in good faith that they provided Plaintiff and/or putative class members with adequate notice of wage information pursuant to New York Labor Law Section 195.

21.     To the extent discovery reveals that Plaintiff and/or the putative class members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrines of estoppel and unclean hands to bar the claims asserted by Plaintiff and/or the putative class members.

22.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

23.     In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evidence during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

24.     Plaintiff's claims are barred in whole or in part to the extent that the work that they performed falls within the exclusions, exceptions, offsets, or credits provided by the NYLL, and its respective implementing regulations.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing Complaint in its entirety and with prejudice; granting Defendants their costs and attorneys' fees; and granting Defendants such other relief as the Court may deem just and proper.

Respectfully submitted,

11

Date:    December 4, 2020
         New York, New York

/s/ *Eli Z. Freedberg*

Eli Z. Freedberg
William H. Ng
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022-3298
(212) 583-9600

Shabri Baliga
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
(614) 463-4201

*Attorneys for Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *Defendants Starr Restaurant Organization, LP d/b/a Starr Restaurants' and Buddakan NY, L.P., d/b/a Buddakan's Answer to Complaint* has been filed via the electronic filing system on December 4, 2020.  Notice of filing will be performed by the Court's electronic filing system, and all parties may access the document through the electronic filing system.

/s/ Eli Z. Freedberg
An Attorney for Defendants

4812-7250-0684.4 058537.1063