**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

GREGORY WEISS, *on behalf of himself and the Class*

                Plaintiffs,

     v.                                         Case No.: 1:20-cv-08090-JMF

STARR RESTAURANT ORGANIZATION, LP
d/b/a STARR RESTAURANTS, BUDDAKAN NY,
L.P. d/b/a BUDDAKAN, HAVATEQUILA
RESTAURANT PARTNERS, LLC, d/b/a EL VEZ,
ERY NORTH TOWER RHC TENANT LLC,
d/b/a ELECTRIC LEMON, DR. HOWARD
DR. FINE, LLC a.k.a. HOWARD FINE LLC
d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC
d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P.
d/b/a MORIMOTO, TRAIN DESIGN, LLC
d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE
CLOCKTOWER, 26TH STREET RESTAURANT, LLC,
d/b/a UPLAND, SRHG WEST, LLC, d/b/a VERONIKA,
and STEPHEN STARR,

                Defendants.
_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS NON-EMPLOYER DEFENDANTS' AND DEFENDANT
STEPHEN STARR**

C. K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1180
Fax: (212) 465-1181
*Attorney for Plaintiff
and Class members*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………….iii

PRELIMINARY STATEMENT…………………………………………………………….…1

    I.     STANDARD OF REVIEW……………………………………..………………..2

    II.    PLAINTIFF HAS ALELGED FACTS SUFFICIENT TO STATE A CLAIM AGAINST ALL THE DEFENDANTS……………………………………...…..4

        A.     The Complaint Plausibly Pleads That The Non-Employer Defendants Are Part Of A "Single Integrated Enterprise" With BUDDAKAN NY, L.P…..…………..4

    III.   PLAINTIFF'S CLAIMS AGAINST STEPHEN STARR SHOULD NOT BE DISMISSED…………………………………………………………………………10

    IV.   CONCLUSION……………………………………………………………………13

## **TABLE OF AUTHORITIES**

*Addison v. Reitman Blacktop, Inc.,* 283 F.R.D. 74 (E.D.N.Y. 2011)……………………..……3, 4

*Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998)…………..……..………..6

*Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193 (2d Cir. 2005)……………………………5

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)……………………………………..2

*Barfield v. New York City*, 537 F.3d 132 (2d Cir. 2008)…………………………………..………10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)……………………………………………………………………………………………3, 10

*Bravo v. Established Burger One LLC,* 12 Civ. 9044, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013)……………………………………………………………………...4, 5, 6

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984)……………………………..10

*Chen v. TYT E. Corp.,* No. 10 Civ. 5288(PAC), 2012 WL 5871617 (S.D.N.Y. Mar. 21, 2012)…………………………………………………………………….....5

*Clinton's Ditch Coop. Co. v. NLRB,* 778 F.2d 132 (2d Cir.1985)………………………………..4

*Cook v. Arrowsmith Shelburne, Inc*., 69 F.3d 1235 (2d Cir.1995)………………………….…….5

*Cuzco v. F&J Steaks 37th Street LLC*, No. 13 Civ. 1859, Dkt. No. 44 (S.D.N.Y. Jan. 29, 2014)…..…………………………………………………..………………….6

*Derrick v. Hudson Hall Llc*, 2020 U.S. Dist. LEXIS 194833 (S.D.N.Y. Oct. 19, 2020)………………………………………………………………...11, 13

*First Nationwide Bank v. Gelt Funding Corp*., 27 F.3d 763 (2d Cir.1994)………………………..3

*Garcia v. Chipotle Mexican Grill, Inc*., 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 3, 2016)…………………………………………………………………………...6

*In re Initial Publ. Offering Sec. Litig.,* 383 F. Supp. 2d 566 (S.D.N.Y. 2005)...…………..………3

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013)…………………………………….………13

*Jackson v. Egira, LLC*, 2016 U.S. Dist. LEXIS 51477……………………………………..……10

*Juhua Han v. Kuni's Corp.,* No. 19-CV-6265 (RA), 2020 U.S. Dist. LEXIS 90460 (S.D.N.Y. May 22, 2020)……………………………………………………………….….……7

*Kwan v. Sahara Dreams Co. II Inc.,* No. 17-CV-4058 (RA), 2018 U.S. Dist. LEXIS 213782 (S.D.N.Y. Dec. 19, 2018)………………………………………………………………………...11

*LaFaro v. New York Cardiothoracic Grp.,* PLLC, 570 F.3d 471 (2d Cir. 2009)…………...……..2

*Lihli Fashions Corp., Inc. v. NLRB,* 80 F.3d 743 (2d Cir.1996)……………………….……..…..5

*Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003)……………….....……….10

*Lopez v. Acme Am. Envtl. Co.*, 2012 U.S. Dist. LEXIS 173290
(S.D.N.Y. Dec. 6, 2012)………………………………………………………………………….11

*Lopez v. Pio Pio NYC, Inc.,* No. 13 CV 4490 (HB), 2014 U.S. Dist. LEXIS 67121
(S.D.N.Y. May 15, 2014)………………………………………………………………………….7

Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993)…………………………………..3, 7

*Murray v. Miner*, 74 F.3d 402 (2d Cir.1996)……………………………………………………....5

*Perez v. Westchester Foreign Autos, Inc.,* No. 11 Civ. 6091, 2013 U.S. Dist. LEXIS 35808
(S.D.N.Y. Feb. 28, 2013)…………………………………………………………………………4, 5

*Ramirez v. Devoe Grocery Store Inc.,* No. 19-cv-00563 (AT) (KHP), 2020 U.S. Dist. LEXIS
131486 (S.D.N.Y. July 20, 2020)………………………………………………………………...11

*Reyes v. Altamarea Group, LLC,* No. 10 Civ. 6451, 2011 U.S. Dist. LEXIS 5195
(S.D.N.Y. Jan. 18, 2011)………………………………………………………………………….4

*Salomon v. Adderley Indus., Inc.,* No. 11 Civ. 6043, 2013 WL 4308569
(S.D.N.Y. Aug. 16, 2013)………………………………………………………………………....6

*Santana v. Fishlegs, LLC*, 2013 U.S. Dist. LEXIS 159530, 2013 WL 5951438
(S.D.N.Y. Nov. 7, 2013)………………………………………………………………………...5, 6

*Torres v. Gristede's Operating Corp.,* No. 04 Civ. 3316 (PAC), 2011 U.S. Dist. LEXIS 114209,
2011 WL 4571792 (S.D.N.Y. Sept. 9, 2011)……………………………………………………..12

*Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140 (2d Cir. 2014)..…………….………………..…..7

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375 (2d Cir. 1995)……………………………..3

*Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284 (S.D.N.Y. 2019)…………………...……….11

*Winfield v. Babylon Beauty Sch. of Smithtown Inc.,* 89 F. Supp. 3d 556 (E.D.N.Y. 2015)….......2

*Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)…………………….……………10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………………….3

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………....…....2

## PRELIMINARY STATEMENT

Plaintiff Gregory Weiss ("Plaintiff") by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to the motion by Defendants, STARR RESTAURANT ORGANIZATION, LP d/b/a STARR RESTAURANTS, BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC, d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC, d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC, d/b/a UPLAND, SRHG WEST, LLC, d/b/a VERONIKA (the "Corporate Defendants"), and STEPHEN STARR, ("Individual Defendant" and together with Corporate Defendants, the "Defendants") to dismiss the claims made against BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC d/b/a UPLAND, SRHG WEST, LLC d/b/a VERONIKA (the "Non-Employer Defendants") and STEPHEN STARR in Plaintiff's First Amended Class Action Complaint ("FAC") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6).

On August 28, 2020, Plaintiff filed the Complaint with the New York County Supreme Court. On September 30, 2020, Defendants removed the case to the Southern District [Dkt. No. 1]. On December 4, 2020, Defendants filed their First Motion to Dismiss [Dkt. Nos. 18-19]. On

December 22, 2020, Plaintiff filed his First Amended Complaint. On January 12, 2021, Defendants filed their Second Motion to Dismiss [Dkt. Nos. 23-24].

Defendants insist that Plaintiff's allegations do not provide adequate factual support for his claim that Defendants operate as a single integrated enterprise for New York Labor Law ("NYLL") purposes. However, contrary to Defendants' apparent view, Plaintiff need not explicitly allege the precise factual underpinnings of each and every element of his "integrated enterprise" claim in his Complaint for the claim to survive a motion to dismiss. A court deciding a Rule 12 (b)(6) motion must "accept all allegations in the complaint as true and draw all inferences in the nonmoving party's favor." *Winfield v. Babylon Beauty Sch. of Smithtown Inc*., 89 F. Supp. 3d 556, 561 (E.D.N.Y. 2015) (emphasis added) (citing *LaFaro v. New York Cardiothoracic Grp*., *PLLC,* 570 F.3d 471, 475 (2d Cir. 2009)). Defendants inappropriately ask the Court to second-guess Plaintiff's allegations, and to draw inferences in *their* favor, rather than Plaintiff's.

For the reasons stated below, Defendants' motion is baseless and should therefore be denied. Plaintiff has provided sufficient evidence to establish that the Non-Employer Defendants and STEPHEN STARR are part of a single integrated enterprise and should therefore be held liable for the improper wage policies and violations committed by Defendant BUDDAKAN NY, L.P. d/b/a BUDDAKAN. Therefore, the Court should deny Defendants' Motion to Dismiss the claims against the Non-Employer Defendants and STEPHEN STARR.

## I.  STANDARD OF REVIEW

A defendant may move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L.

Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). All factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir. 1993). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995).

      Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks omitted). The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to Plaintiffs, a court finds that Plaintiffs failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 127 S.Ct. at 1964. Furthermore, on a motion to dismiss single integrated enterprise claims, "the relevant inquiry is whether a defendant has been put on notice of the theory of employer liability." *Addison v. Reitman Blacktop, Inc*., 283 F.R.D. 74, 84 (E.D.N.Y. 2011) (emphasis added).

## II.     PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM AGAINST ALL THE DEFENDANTS

### A. The Complaint Plausibly Pleads That The Non-Employer Defendants Are Part Of A "Single Integrated Enterprise" With BUDDAKAN NY, L.P.

Defendants move to dismiss Plaintiff's claims against the Non-Employer Defendants. Defendants claim that Plaintiff has failed to plead that the "Non-Employer Defendants" are Plaintiff's employer. Defendants further claim that, in addition to the above, Plaintiff has failed to plead that the "Non-Employer Defendants" are part of a single integrated enterprise with Defendants BUDDAKAN NY, L.P.

Courts have repeatedly allowed employees to include other entities as defendants under the "single integrated enterprise" theory. *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091, 2013 U.S. Dist. LEXIS 35808 (S.D.N.Y. Feb. 28, 2013) (denying defendants' motion to dismiss plaintiffs' FLSA claims against a parent company when plaintiff sufficiently plead defendants to be a single integrated enterprise); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74 (S.D.N.Y. 2011) (denying defendants' cross motion to dismiss when plaintiff alleged that the corporate defendants formed a 'single integrated enterprise.'); *Reyes v. Altamarea Group, LLC,* No. 10 Civ. 6451, 2011 U.S. Dist. LEXIS 5195 (S.D.N.Y. Jan. 18, 2011) (holding that plaintiffs' pleading was sufficient to enable defendants to conclude that plaintiffs are asserting an employee-employer relationship when plaintiff alleged that all corporate defendants operated as part of a single integrated enterprise).

In the Second Circuit, "[a] 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise. . . .'" *Bravo v. Established Burger One LLC,* 12 Civ. 9044, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013) (quoting *Clinton's Ditch*

*Coop. Co. v. NLRB,* 778 F.2d 132, 137 (2d Cir.1985)). "There is well-established authority under [the single integrated enterprise] theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Bravo*, 2013 WL 5549495, at *8 (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). Under such a doctrine, "all the employees of the constituent entities are *employees* of the overarching integrated entity[.]" *Id.* at 199 (emphasis added).

"In determining whether multiple defendants constitute a single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Bravo*, 2013 WL 5549495 at *8 (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir.1995)); *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091(ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013) (denying defendants' motion to dismiss claims against the parent corporation of twenty car dealerships); *see also Chen v. TYT E. Corp.,* No. 10 Civ. 5288(PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012). "To demonstrate single employer status, not every factor need be present, and no particular factor is controlling." *Lihli Fashions Corp., Inc. v. NLRB,* 80 F.3d 743, 747 (2d Cir.1996) (citation omitted). Although the single employer determination "depends on all the circumstances of the case," control of labor relations is the central concern. *Chen* 2012 WL 5871617 at *3 (citing *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir.1996)). When the "single integrated enterprise" (a.k.a. "single employer") theory is applied, all the Corporate Defendants are liable to Plaintiffs, including those for whom Plaintiffs did not work. *See Santana v. Fishlegs, LLC*, 2013 U.S. Dist. LEXIS 159530, 2013 WL 5951438, at *23-24 (S.D.N.Y. Nov. 7, 2013*)* ("if

5

the Court were to find that the corporate Defendants are indeed a single integrated enterprise, each corporate Defendants could be liable to both Plaintiffs and every individual who successfully opts into this action[.]"

Courts in the Second Circuit apply the single integrated entrerpsie theory in the context of nominally separate corporations under common ownership and management. *See, e.g.*, *Bravo,* 2013 WL 5549495 (denying motion to dismiss against all ten corporate defendants, including those for whom plaintiffs did not work); *Salomon v. Adderley Indus., Inc.,* No. 11 Civ. 6043, 2013 WL 4308569, at *5 (S.D.N.Y. Aug. 16, 2013) (allegations such as that two companies share common management and employees are "sufficient to plausibly allege … an integrated enterprise under the FLSA"); *Fishlegs, LLC,* 2013 U.S. Dist. LEXIS 159530 at *23-24 (indicating that the court would apply the single integrated enterprise theory and granted leave for plaintiffs to amend the complaint to cover all New York locations, including those for whom plaintiffs did not work); see also *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 525 (S.D.N.Y. 1998) (Judge Sotomayor held that because the three not-for-profit organizations Defendants constitute a common "enterprise" under the FLSA, 29 U.S.C. § 203(r), and that all three organizations are liable to plaintiffs who participated in a Pathway-to-Employment program operated by one of the three organizations and who were considered "employees.")*; see also Cuzco v. F&J Steaks 37th Street LLC*, No. 13 Civ. 1859, Dkt. No. 44 (S.D.N.Y. Jan. 29, 2014) (where plaintiff worked at one location but the Court held that three of defendants' restaurants operated as a single integrated enterprise even though they operated under different trade names); *see also Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 3, 2016) (the court held that all New York City Chipotle Mexican Grill locations operated as a single integrated enterprise even though plaintiff only worked at five locations).

6

Plaintiff has satisfied the requirements to show that Defendants operated as a single integrated enterprise when considering that "all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader." *Mills* 12 F.3d 1170, 1174.

Plaintiff has provided evidence of the interrelation of operations of Defendants restaurants through Defendants use of a single "Starr Restaurant" gift card, which is valid for use at all of Defendants' restaurants. FAC ¶ 20; *see also Lopez v. Pio Pio NYC, Inc.,* No. 13 CV 4490 (HB), 2014 U.S. Dist. LEXIS 67121, at *12 (S.D.N.Y. May 15, 2014) (honoring same gift cards and joint marketing on same website evidence of interrelation of operations). Furthermore, all of Defendants restaurants are advertised on the Starr Restaurant website and all restaurant emails all use "@starr-restaurants.com" instead of the individual restaurants name. Another example of the interrelation of the operations of Defendants restaurant is Defendants' job advertisements for STARR Restaurants, noting that the advertisements were not for any specific STARR Restaurant, but for "several" of STARR Restaurants located in New York City, revealing the interchangeability of employment within Starr Restaurant. FAC ¶ 21.

Furthermore*,* "although no one factor controls the analysis, the second, 'centralized control of labor relations,' is the most significant." *Juhua Han v. Kuni's Corp.,* No. 19-CV-6265 (RA), 2020 U.S. Dist. LEXIS 90460, at *18 (S.D.N.Y. May 22, 2020) *(quoting Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155-56 (2d Cir. 2014). Plaintiff has provided clear evidence of Defendants centralized control of labor relations. *See* FAC ¶¶ 21-26. Plaintiff provided evidence revealing centralized control of labor relations through Defendants' job advertisements for STARR Restaurants, noting that the advertisements were not for any specific STARR Restaurant, but was issued by the STARR Restaurants Organization for "several" of their STARR Restaurants located in New York City. FAC ¶ 21. Further evidence of Defendants' centralized labor relations was

provided in the form of a server at a Starr Restaurants location describes the interview process on glassdoor.com. The server claimed that there were 3 steps to the interview process. The first two levels of the process dealt with the assistant manager and manager of the restaurant. FAC ¶ 22. However, the final interview took place at the Starr Restaurant headquarters, further revealing their involvement in the hiring process and their influence on the final hiring decision. *Id*. Another example of centralized control of labor is also evident in the form of glassdoor.com's Employee Benefit Reviews. The reviews describe employee benefits across all the Star Restaurants Group locations, such as employee discounts at all of the Starr restaurants, and are not specifically tied to any individual restaurants. FAC ¶ 23. Finally, centralized control of labor relations is apparent through a job advertisement posted on Lensa, where Starr Restaurants advertised that they were searching for a Vice President of Human Resources. *Id*. Starr Restaurants noted that job responsibilities included tasks that represent a centralized control of labor, such as handling employee relation issues across Starr Restaurants locations, ensuring compliance with all applicable Federal, State, and Local laws, developing benefits plans for the company, and establishing a management succession plan which included both internal and external talents for the company. *Id*. These examples clearly provide evidence of the centralized control of labor relations placed with STARR Restaurants.

      The Starr Restaurants job advertisement for a Vice President of Human Resources and STEPHEN STARR are also indicative of the common management. From the job advertisement, the Starr Restaurants Vice President of Human Resources position is deeply related to and working along with the other restaurants within the Starr Restaurant Organization. Furthermore, STEPHEN STARR being a founder of STARR RESTAURANT ORGANIZATION, LP, and a principal in the subsequent subsidiary corporations, leads to the common management of the Defendants. As

referenced in the FAC, STEPHEN STARR remains very involved in the business and it is clear that his influence lends him the power to manage the restaurants the way he believes they should be run. In a Food & Wine article, the author notes that STEPHEN STARR was personally interviewing applicants for front-of-house positions at his restaurant. *See* FAC ¶ 29. In a Restaurant Business online article, they note that STEPHEN STARR is heavily involved in all of his businesses to ensure that they are managed and operated the way he believes will lead to success. STEPHEN STARR is quoted as saying "If I go out and notice one mistake, the dish is off or executed poorly, one paint chip, one piece of trash on the floor … that's it. The dish is off the menu, the staff training is revamped, the paint is fixed. There will be action." *See* FAC ¶ 30. This is clear evidence of Stephen Starr's ability to manage and control the restaurants, evidence of the common management between the Defendants.

Finally, as to evidence of common ownership, it is clear that STARR RESTAURANT ORGANIZATION is the parent company to all of the individual restaurants corporations and owns them, and STARR RESTAURANT ORGANIZATION in turn is owned by STEPHEN STARR.

Defendants argue that Plaintiff is unable to provide a factual basis that defendants are a single integrated employer, as required by Rule 12(b)(6). However, the legal standard merely requires Plaintiff to put Defendants on notice. Contrary to Defendants' view, although Plaintiff set forth allegations as to every element of the single integrated enterprise theory, Plaintiff need not explicitly allege the precise factual underpinnings of each and every element of his single integrated enterprise theory in order to survive a motion to dismiss.

If Defendants want more evidence, in addition to the facts provided in the FAC, a proper discovery of Defendants' records and proper depositions will reveal exactly how Defendants are related. Simply put, if Defendants want more evidence, they would be claiming a fact issue to be

9

uncovered in discovery, not a legal issue. This is analogous to recent case law about a liquor license: "liquor license is held in her name. She does not, however, control the daily operations such that she could reasonably be characterized as an 'employer' under the FLSA. … Judgment as a matter of law is thus inappropriate, and their characterization as 'employers' is an issue of material fact to be determined at trial." *Jackson v. Egira, LLC*, 2016 U.S. Dist. LEXIS 51477, *15-17. Because the purpose of the pleading is merely to provide Defendants notice with respect to Plaintiff's claims and grounds upon which they rest, *Twombly,* 550 U.S. at 555, and because Plaintiff has alleged sufficient detailed facts to allege a single integrated enterprise claim, Defendants' motion should be denied.

### III. PLAINTIFF'S CLAIMS AGAINST STEPHEN STARR SHOULD NOT BE DISMISSED

Unlike Defendants' assertions, Plaintiff has provided enough evidence to show that STEPHEN STARR retained "operational control" over Defendant BUDDAKAN NY, L.P. and the Non-Employer Defendants and the claims against him should not be dismissed from the litigation.

The Second Circuit first announced the "traditional four-factor test" in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984). *See Barfield v. New York City*, 537 F.3d 132, 144 (2d Cir. 2008); *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003) (affirming that "formal control [of an employer is] measured by the *Carter* factors"). The four *Carter* factors are "whether the alleged employer [i] had the power to hire and fire the employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and method of payment, and [iv] maintained employment records." 735 F.2d at 12. Satisfying these factors "can be sufficient to establish employer status," but is not "necessary to establish an employment relationship." *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71

(2d Cir. 2003). Furthermore, Courts in this Circuit consistently interpret the definition of employer under the NYLL "'coextensively with the definition used by the FLSA," and, thus, also apply the economic reality test when determining whether a defendant is an employer under the NYLL. *Ramirez v. Devoe Grocery Store Inc.,* No. 19-cv-00563 (AT) (KHP), 2020 U.S. Dist. LEXIS 131486, at *11 (S.D.N.Y. July 20, 2020) (quoting *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019)).

Defendants are correct in that Courts have found that "conclusory recitations of the prongs of the economic reality test, absent any specific factual allegations of control, are insufficient to plausibly allege that the Individual Defendants were Plaintiffs employers." *Kwan v. Sahara Dreams Co. II Inc.,* No. 17-CV-4058 (RA), 2018 U.S. Dist. LEXIS 213782, at *13 (S.D.N.Y. Dec. 19, 2018). However, Plaintiff does not merely allege these claims of STEPHEN STARR's operational control, but points towards to specific examples of STEPHEN STARR's control. *Derrick v. Hudson Hall Llc*, 2020 U.S. Dist. LEXIS 194833, at *25 (S.D.N.Y. Oct. 19, 2020).

As evidence of STEPHEN STARR's involvement, Plaintiff provided two published interviews with STEPHEN STARR and a Youtube video from the Starr Restaurant's YouTube Channel. *See* FAC ¶¶ 28-30. These are specific examples where STEPHEN STARR admits to engaging in operational control, but Defendants attempt to write it off as simply his "attention to detail." While the Food & Wine article does praise STEPHEN STARR for his attention to detail, it also notes that, at the time of the article, STEPHEN STARR was personally interviewing applicants for front-of-house positions at La Mercerie. *See* FAC ¶ 29. The article even notes that STEPHEN STARR hired his general manager for his third restaurant, Blue Angel, back in 1999, displaying his personal involvement in the hiring process goes back to his origins as a restaurateur. *Id*. Finally, the Food & Wine article mentions that, although "there's an infrastructure in place to

11

keep Starr Restaurants running smoothly and allow its head honcho to step away from the day-to-day mechanics. But he doesn't seem wired for pulling back." *Id.* As a result, the Food & Wine article cuts directly to STEPHEN STARR's involvement in the hiring process, indicating his part of his "operational control."

In the Restaurant Business online article, they note STEPHEN STARR's involvement in the businesses he runs. STEPHEN STARR is quoted stating that "If I go out and notice one mistake, the dish is off or executed poorly, one paint chip, one piece of trash on the floor … that's it. The dish is off the menu, the staff training is revamped, the paint is fixed. There will be action." FAC ¶ 28. Therefore, it is clear that STEPHEN STARR could also influence employee work schedules and the quality, terms, and conditions of their employment if he noticed something off at the restaurant, by requiring employees to re-train staff, or to modify menus, or some other action that he imposes.

Finally, in a video posted to the Starr Restaurant Youtube channel, STEPHEN STARR notes that his "mantra is to be concerned with every little detail" and that the Starr Restaurant Organization philosophy is "that people should learn all jobs. So if you're a manager you come in and work as a dishwasher for a week or two. You'll come in and work as a busboy." *See* FAC ¶ 30. The video displays the level of involvement that STEPHEN STARR believes in, how he worries over every issue and reveals his oversight and control over employees to ensure that they fully understand the rigors of the business and each position and his own vision.

As a result, it is clear that Stephen Starr was involved in the interviewing and hiring process and had the ability to hire and fire employees. Even though STEPHEN STARR did not personally hire Plaintiff, Courts have found that "[I]t does not matter that [a defendant] has delegated his powers to others. What is critical is that [the defendant] has those powers to delegate." *Lopez v.*

12

*Acme Am. Envtl. Co.*, 2012 U.S. Dist. LEXIS 173290, at *15 (S.D.N.Y. Dec. 6, 2012) (quoting *Torres v. Gristede's Operating Corp.,* No. 04 Civ. 3316 (PAC), 2011 U.S. Dist. LEXIS 114209, 2011 WL 4571792, at *2 (S.D.N.Y. Sept. 9, 2011)). This evidence reveals that Defendant STEPHEN STARR had "operational control over employees" insofar as his "role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Derrick* 2020 U.S. Dist. LEXIS 194833, at *25 (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).

Therefore, Plaintiff has provided evidence to satisfactorily allege that STEPHEN STARR exercises "operational control" over employees. As a result, the claims against STEPHEN STARR should not be dismissed from the instant litigation.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety.

Dated: New York, New York  
       January 26, 2021

Respectfully submitted,

By:   */s/ C.K. Lee*  
C.K. Lee, Esq. (CL 4086)  
Lee Litigation Group, PLLC  
148 West 24th Street, 8th Floor  
New York, NY 10011  
Tel: (212) 465-1188  
Fax: (212) 465-1181  
*Attorneys for Plaintiff and the Class*