UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY WEISS, *on behalf of himself and the Class*,<br><br>Plaintiff,<br><br>vs.<br><br>STARR RESTAURANT ORGANIZATION, LP d/b/a STARR RESTAURANTS, BUDDAKAN NY, L.P. d/b/a BUDDAKAN, HAVATEQUILA RESTAURANT PARTNERS, LLC d/b/a EL VEZ, ERY NORTH TOWER RHC TENANT LLC d/b/a ELECTRIC LEMON, DR. HOWARD DR. FINE, LLC a.k.a. HOWARD FINE LLC d/b/a LA MERCERIE, MOE LARRY CHEESE, LLC d/b/a LE COUCOU, MORIMOTO NY VENTURE, L.P. d/b/a MORIMOTO, TRAIN DESIGN, LLC d/b/a PASTIS, SUR ORGANIZATION, LLC d/b/a THE CLOCKTOWER, 26TH STREET RESTAURANT, LLC d/b/a UPLAND, SRHG WEST, LLC d/b/a VERONIKA, STEPHEN STARR, ALLAN DOMB, DAVID ROBKIN, and JENNIFER ROBKIN,<br><br>Defendants. | Case No.: 1:20-cv-08090-JMF |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE NON-EMPLOYER DEFENDANTS' AND DEFENDANT STEPHEN STARR'S MOTION TO DISMISS**

Eli Z. Freedberg
William H. Ng
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022-3298
(212) 583-9600

<u>**MEMORANDUM OF LAW**</u>

Defendants Havatequila Restaurant Partners, LLC; Ery North Tower RHC Tenant LLC;

Dr. Howard Dr. Fine, LLC; Moe Larry Cheese, LLC; Morimoto NY Venture, L.P.; Train Design,

LLC; Sur Organization, LLC; 26th Street Restaurant, LLC; and SRHG West, LLC (the "Non-

Employer Defendants"), together with Defendant Stephen Starr, respectfully submit this reply

memorandum in further support of their motion to dismiss the claims made against them in

Plaintiff's First Amended Class Action Complaint (the "FAC," Doc. 21).

**I.      PLAINTIFF AGAIN FAILS TO PLAUSIBLY DEMONSTRATE HOW THE NON-EMPLOYER DEFENDANTS ARE PART OF A "SINGLE INTEGRATED ENTERPRISE" WITH BUDDAKAN AND STARR RESTAURANT ORGANIZATION, L.P.**

The Non-Employer Defendants previously demonstrated that Plaintiff's claims against

them should be dismissed because the FAC omits specific factual allegations plausibly suggesting

that they were part of a "single integrated enterprise" with co-defendants Buddakan and Starr

Restaurant Organization, L.P. ("SRO"), under which they *each* exercised control over him or

Buddakan's other employees (*see* Doc. 24 at 11-21).  After all, the "single integrated enterprise"

doctrine is not to be casually employed, and is justified only in the "extraordinary circumstances"[1]

where a plaintiff can plausibly demonstrate that *each* defendant participated in "the total

employment process of [his actual] employer." *Parker v. Columbia Pictures, Inds*., 204 F.3d 326,

341 (2d Cir. 2000) (internal quotations marks and brackets omitted).

Put another way, to avoid the dismissal of single integrated enterprise claims against

brother-sister companies, such as in the case here, a plaintiff must assert substantial allegations of

---

[1] *Han v. Kuni's Corp*., No. 19-cv-6265, 2020 WL 2614726, at *7 (S.D.N.Y. May 22, 2020) (quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996).  *See also, e.g.*, *Benzinger v. Lukoil Pan Ams.*, 447 F. Supp. 3d 99, 134 (S.D.N.Y. 2020) (noting that the single integrated enterprise doctrine applies only "in extraordinary circumstances where plaintiff demonstrates sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee *that the affiliated corporation* is jointly responsible for the acts of the immediate employer.") (emphasis added, internal quotation omitted).

control by *each* entity he claims is related to his actual employer, because even "companies that are part of an 'integrated enterprise' . . . may nevertheless employ separate people and, *absent control*, are not liable for the separate employees." *Lopez v. Acme Am. Envt'l Co.*, No. 12-cv-511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012). Therefore, the "fundamental question" at the motion to dismiss stage is whether a plaintiff's allegations sufficiently explain how "*each* corporate entity controlled [p]laintiffs as employees." *Id.* (emphasis added, collecting cases); *accord* Doc. 24 at 13-14 (collecting cases).

Here is where Plaintiff's opposition rings hollow, as in his second bite at the apple through his Amended Complaint he once again fails to demonstrate how each of the Non-Employer Defendants, as opposed to Buddakan or SRO, "controlled" his employment. Instead, he simply repeats the supposed "interrelation of operations" between the Non-Employer Defendants, on the one hand, and Buddakan and SRO, on the other (*see* Doc. 26 at 11-13). But as the *Lopez* Court noted, allegations of integration are not alone enough to avoid the dismissal of a plaintiff's single integrated enterprise claims—his complaint must go further and specifically allege how each entity he seeks to hold liable exercised "control" over him. *Lopez*, 2012 WL 6062501, at *4.

More specifically, Plaintiff returns to his allegations of how SRO involved itself in the interview process for new employees, and was seeking a new Vice President of Human Resources years after his employment at Buddakan ended (Doc. 26 at 11-13). He also points once again to the provision of a common benefits package and a common website (*Id.* at 11-12). But the Non-Employer Defendants already demonstrated how such allegations fail to nudge Plaintiff's claims "across the line from conceivable to plausible" with respect to their supposed involvement in a single integrated enterprise with SRO and Buddakan. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Doc. 24 at 18-20 (collecting cases, and explaining how the allegations

of Plaintiff's FAC fail to plausibly establish the existence of a single integrated enterprise that includes the Non-Employer Defendants). *Accord Han*, 2020 WL 2614726, at *10 (in dismissing claims against employer defendant's parent company, noting that the parent company's involvement in the hiring decisions of the employer defendant was alone "insufficient to show that [the parent and its subsidiary] maintained a centralized control of labor relations").

Plaintiff also returns to his allegation of the use of commonly accepted gift cards, claiming this somehow alone satisfies his burden (Doc. 26 at 11). But the case he cites—*Lopez v. Pio Pio NYC, Inc.*, No. 13-cv-4490, 2014 WL 1979930 (S.D.N.Y. May 15, 2014)—actually helps demonstrate the fatal problem inherent in his claims. The *Lopez* Court recognized that a motion to dismiss by "multiple separately-incorporated locations of . . . [a] chain of restaurants," that holds itself "out as a single entity," should generally be denied where the plaintiff can show that they not only had interrelated human resource and marketing functions, but also used "the same menus" and "moved employees and food among the restaurants." *Id.* at *4 (collecting cases). *But that is not the case here*. The FAC does not allege that the Non-Employer Defendants are separate locations of a single, common "chain" restaurant. Instead, the "common" website Plaintiff attempts to make so much about in his FAC and opposition brief plainly demonstrates that each of the Non-Employer Defendants operate different restaurants, each offering unique types of food, using different menus, décor, employees, and marketing strategies. *See, e.g.*, *Chen v. Lilis 200 West 57th Corp.*, No. 19-cv-7654, 2020 WL 7774345, at *5 (S.D.N.Y. Dec. 30, 2020) (collecting cases, and noting that in most cases where employer and non-employer restaurants have been considered a "single integrated enterprise" at the pleadings stage, the plaintiffs offered allegations that the employer and non-employer restaurants shared the same menus, interior décor, chain name and often uniforms, such that courts could plausibly conclude that the restaurants were collectively

part of a singularly operated entity). Plaintiff, in other words, is seeking to hold a mix of separately incorporated and uniquely different restaurants, that serve different types of cuisine and provide varying style of service liable for the actions of his own prior employer, based on factual allegations and unsupported conclusions that this Court has previously and repeatedly found insufficient to avoid dismissal under Rule 12 (*see* Doc. 24 at 14-17 (collecting cases)).

At bottom, Plaintiff's opposition fails to explain away the problem that his FAC fails to plausibly allege how any of the Non-Employer Defendants had any control over the terms and conditions of his employment at Buddakan. What specific allegations he offers simply bolster his claims against SRO, *who is not seeking the dismissal of his claims and is not a party to the present motion to dismiss*. Further, Plaintiff's claims against the Non-Employer Defendants should be dismissed because, despite offering allegations of some shared ownership and common marketing, he has failed to offer specific and plausible allegations explaining how each of the Non-Employer Defendants exercised any control over him.

## II.    PLAINTIFF IS NOT ENTITLED TO DISCOVERY TO SUPPORT HIS CLAIMS IN *POST HOC* FASHION

Hedging his bets, Plaintiff also suggests in his opposition that the Court should not dismiss his claims, but instead allow him to embark on a discovery fishing expedition, because "[i]f Defendants want more evidence," discovery "will reveal exactly how Defendants are related" (Doc. 26 at 13). But the mere possibility that discovery may reveal facts supporting Plaintiff's claims *offers no basis* for denying Mr. Starr's and the Non-Employer Defendants' present motion to dismiss. *Cherry St., LLC v. Hennessee Grp.,* 573 F.3d 98, 113-14 (2d Cir. 2009) (a plaintiff's "hope to develop some … evidence in discovery" to support the conclusory allegations of his complaint is insufficient grounds for denying a motion to dismiss, because "before proceeding to discovery, a claim must allege facts suggestive of [improper[ conduct … and a plaintiff whose

4

complaint is deficient under Rule 8 is not entitled to discovery") (internal quotation marks omitted).[2] This is particularly true here, where Plaintiff is attempting to pierce the corporate veil, and hold the Non-Employer Defendants liable to co-defendant Buddakan's employees. *Brody v. Liffey Van Lines*, No. 13-cv-5719, 2014 WL 2450807, at *3 (S.D.N.Y. May 29, 2014) ("The allegations are insufficient to support a request for jurisdictional discovery; this court will not authorize a fishing expedition when plaintiffs have not offered a scintilla of support for piercing the corporate veil.").

## III. PLAINTIFF'S CLAIMS AGAINST STEPHEN STARR SHOULD ALSO BE DISMISSED

For similar reasons, Plaintiff's claims against Mr. Starr should also be dismissed. Mr. Starr previously demonstrated that the allegations of the FAC were insufficient to plausibly allege that he, along with Buddakan, was Plaintiff's employer (Doc. 24 at 21-22). In response, Plaintiff contends that Mr. Starr had "operational control" over him and Buddakan's other employees, but Plaintiff once again does so based principally on impermissible conclusory statements, speculation and conjecture.

For example, Plaintiff claims that Mr. Starr had the "ability to hire and fire employees," based on the allegations that he hired a general manager for *a non-party* restaurant in 1999, and participated in interviews for "front-of-house positions" at another restaurant in 2018 (Doc. 26 at 15). Even assuming *arguendo* this true for purposes of the present Rule 12 motion, this is not a

---

[2] *See also, e.g.*, *Wellton Int'l Exp. v. Bank of China*, — F. Supp. 3d —, 2020 WL 1659889, at *4, n.4 (S.D.N.Y. Apr. 3, 2020) ("Because discovery is not a fishing expedition for Plaintiffs to try to obtain information to try to create claims that do not already exist, Plaintiffs need to have adequate information in their possession at the time they file their complaint to substantiate the claim against a motion to dismiss.") (quotation omitted); *Frey v. City of New York*, No. 12-cv-2074, 2013 WL 706051, at *2 (S.D.N.Y. Feb. 27, 2013) ("A generalized suggestion that the plaintiff hopes to find evidence to provide the basis of a cause of action is not [an] acceptable" basis for denying a motion to dismiss); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 592 (S.D.N.Y. 2006) ("Discovery is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.").

wrongful hiring or termination case. It is a wage and hour case, and nowhere in the FAC does Plaintiff provide concrete, specific examples of how Mr. Starr participated in the day-to-day operations of Buddakan, the work scheduling of Buddakan's employees, the setting of their wages, the review of their time records, or determination of the pay due those employees. Accordingly, while Plaintiff cites to various magazine articles describing Mr. Starr's general attention to detail and interest in the restaurants he invested in (*Id.* at 15-16), the FAC is devoid of the sort of concrete, particularized allegations that might otherwise save Plaintiff's claims, such as an allegation that Mr. Starr personally set Plaintiff's work schedules, or processed his time records and calculated the wages due him.

In fact, "the FAC is void of any allegations that [Mr. Starr] ever had any direct contact with" Plaintiff—a factor that cuts against any finding of individual liability because of the attenuated nature of the supposed relationship between Mr. Starr and the employees of Buddakan. *Wolman v. Catholic Health Sys. Of Long Island*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees."), *aff'd in part, rev'd in part sub nom. Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). The FAC simply does not contain the sort of particularized and concrete allegations necessary showing that Mr. Starr had direct involvement in the restaurants. At best the FAC the FAC alleges that Mr. Starr could have had the potential to be involved in the day-to-day operations of Buddakan. *See, e.g., Apolinar v. R.J. 49 Rest.*, No. 15-cv-8655, 2016 WL 2903278, at *8 (S.D.N.Y. May 18, 2016) (dismissing FLSA and NYLL claims against part owner of the Toasties deli chain: even though plaintiffs alleged the part owner "was in charge of all areas of the Toasties deli enterprise, including the hiring and termination of workers," the court

concluded that plaintiffs' complaint was "devoid of any non-conclusory allegations suggesting [the part owner] exercised any degree [of control] over the *particular* Toasties location that employed plaintiffs, or that she otherwise had any *direct* relationship of control over plaintiffs' terms and conditions of employment.") (emphasis added).

Instead of offering such specific allegations of direct involvement in the day-to-day operations of Buddakan, Plaintiff resorts to speculation by suggesting that Mr. Starr's interests may have translated into the ability to "*influence* employee work schedules and the quality, terms, and conditions of their employment" (*Id.* at 16 (emphasis added)). The FAC, in other words, relies, like Plaintiff's opposition itself, on unsupported generalizations and speculation about what Mr. Starr may (or may not) have been able to do. But absent specific allegations explaining how Mr. Starr actually and personally exercised control over him (or any other Buddakan employee for that matter), Plaintiff's claims against Mr. Starr must be dismissed (*see, e.g.*, Doc. 24 at 21-22 (collecting cases dismissing claims against the investors in restaurants and restaurant organizations due to the absence of concrete and specific allegations explaining how those investors acted as the plaintiff's actual day-to-day employers).

## IV.    CONCLUSION

For the foregoing reasons, as well as those set forth in Mr. Starr's and the Non-Employer Defendants' original motion to dismiss and supporting memorandum, Plaintiff's claims against them are due to be dismissed.

Date:   February 2, 2021
        New York, New York

/s/ *Eli Z. Freedberg*

Eli Z. Freedberg
William H. Ng
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022-3298
(212) 583-9600


*Attorneys for Defendants*